LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV13-08052 BRO (JCx)** | Date | August 14, 2015 |
| Title | **JOHN FALKENSTEIN V. SHIPCO TRANSPORT, INC.** | | |

| | | |
|---|---|---|
| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND TO MODIFY THE COURT'S SCHEDULING ORDER [173]**

## I. INTRODUCTION

Pending before the Court is Plaintiff John Falkenstein's motion for leave to file a third amended complaint and to modify the Court's scheduling order. (Dkt. No. 173.) After considering the papers filed in support of and in opposition to the instant motion, the Court held a hearing in this matter on August 11, 2015. For the following reasons, the Court finds no good cause to amend the scheduling order and therefore **DENIES** Plaintiff's motion in its entirety.

## II. BACKGROUND

### A. Factual Background

This dispute involves two related entities that operate as non-vessel operating common carriers, which serve as intermediaries between shippers of goods and ocean vessel operators.[1] (Second Am. Compl. ("SAC") ¶¶ 2, 15.) The first entity, Shipco Transport SDN BHD ("STSB"), is a Malaysian corporation that arranges for shipments of goods from Malaysia to the United States. (SAC ¶ 7.) The second entity, Defendant

---

[1] Non-vessel operating common carriers issue a "bill of lading" to the shipper, which promises safe transportation of the goods and then sub-contracts with a vessel operator to handle and transport the goods. (Dkt. No. 59 at 17.)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV13-08052 BRO (JCx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | JOHN FALKENSTEIN V. SHIPCO TRANSPORT, INC. | | |

Shipco Transport, Inc. ("STI"), is a New Jersey corporation that accepts shipments of goods from STSB in Southern California and arranges for their continued shipment under a bill of lading to ultimate destination points in the United States. (SAC ¶¶ 2, 16.)

Both STI and STSB were named as defendants in a 2008 personal injury action brought by Plaintiff in the Superior Court of California, County of Los Angeles ("Superior Court"), along with two Japanese entities. (Dkt. No. 31-1.) Plaintiff alleged that in 2006, while working as a longshoreman and vehicle operator at Yusen Terminals in Southern California, he suffered a debilitating and ongoing injury when an improperly loaded cargo cart rolled over and "jolted" his vehicle. (Dkt. No. 59 at 17.)

STI initially defended against the action, asserting eight affirmative defenses and filing cross-claims against the Japanese entities. (Dkt. Nos. 31-2–3.) STSB, however, did not answer the complaint or take any defensive action. Plaintiff served both STI and STSB with his statement of damages, which demanded $2,790,000. (Dkt. No. 59 at 5–7.) Six months later, Plaintiff voluntarily dismissed STI and the Japanese entities, leaving STSB as the only remaining defendant. (Dkt. Nos. 31-5, 31-7.) On December 17, 2009, the Superior Court entered default judgment against STSB and awarded Plaintiff $3,238,390 in damages—approximately $445,000 more than Plaintiff had demanded. (SAC ¶ 14; Dkt. No. 31-7.)

Three years later, STSB had failed to pay any of the damages it owed to Plaintiff and had insufficient assets to cover the judgment due. (SAC ¶¶ 14, 26.) In February 2013, Plaintiff obtained an assignment order seeking payment of all collected freight charges due STSB, but STSB has yet to comply with this order. (SAC, Ex. G.) During the intervening period, Plaintiff discovered that STI had been collecting the freight charges earned by STSB, which, according to Plaintiff, was effectively diverting STSB's revenue stream to STI. (SAC ¶ 19.) As a result, Plaintiff commenced efforts to hold STI jointly liable for the 2009 default judgment entered against STSB. (Dkt. No. 1-1 at 9.)

B.   **Procedural History**

In April 2013, Plaintiff filed the instant action against STI and later timely filed a First Amended Complaint alleging four causes of action: two claims of fraudulent conveyance, one claim for alter ego liability, and one claim of resulting trust. (Dkt. No.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV13-08052 BRO (JCx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | JOHN FALKENSTEIN V. SHIPCO TRANSPORT, INC. | | |

1-1 at 9–18.) On May 14, 2013, STSB filed a motion for relief from default and a request to stay enforcement activity in the Superior Court.[2] (Dkt. No. 31-10.) On July 25, 2013, the Superior Court denied the motion for relief from default. (Dkt. No. 31-11.) On August 30, 2013, STSB appealed the Superior Court's denial of relief. (*See* Dkt. No. 31-11; *Falkenstein v. Shipco Transport, Inc. et al.*, Case No. B251183 (Cal. Ct. App. Sept. 14, 2013).) While STSB's appeal was pending, this Court granted STI's motion to stay these proceedings. (Dkt. No. 40.) On June 25, 2014, the California Court of Appeal affirmed in full the Superior Court's denial of relief. (Dkt. No. 45.)

On August 18, 2014, this Court issued an order for civil jury trial that scheduled trial and pretrial dates. (Dkt. No. 56.) Pursuant to the order, the last day to amend pleadings or add parties was November 17, 2014. (Dkt. No. 56.) Also on August 18, 2014, STI filed in this Court a motion for judgment on the pleadings as to Plaintiff's First Amended Complaint in its entirety, or, in the alternative, as to Plaintiff's third cause of action for alter ego liability. (Dkt. No. 51.) On September 1, 2014, Plaintiff filed a cross-motion for partial judgment on the pleadings as to his third cause of action. (Dkt. No. 60.) STI then filed a motion to stay discovery pending resolution of the parties' cross-motions for judgment on the pleadings, (Dkt. No. 63), which the Court granted on September 22, 2014, (Dkt. No. 65). On November 7, 2014, the Court denied Plaintiff's motion for judgment on the pleadings, granted in part Defendant's motion, dismissing Plaintiff's third cause of action for alter ego liability, and concluded the second stay. (Dkt. No. 78.)

On January 21, 2015, Plaintiff filed a motion for leave to file a second amended complaint and to amend the Court's scheduling order. (Dkt. No. 82.) The Court granted Plaintiff's motion in part; the Court adopted Plaintiff's Second Amended Complaint but did not accept Plaintiff's Fourth Cause of Action for "Creditor's Suit," pursuant to California Code of Civil Procedure section 708.210, which alleged that STI was obligated to pay the total amount of all freight collect and freight prepaid charges for the four years

---

[2] STSB argued that the initial Superior Court complaint failed to put STSB on notice as to the cause of action against it. (Dkt. No. 31-10.) In support of this proposition, STSB relied on California case law holding that a complaint that includes no allegations against a defendant (and that omits reference to a defendant beyond the caption) fails to alert a defendant as to a cause of action against it. (Dkt. No. 31-10 (citing *Falahati v. Kondo*, 127 Cal. App. 4th 823, 828–31 (Cal. Ct. App. 2005)).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV13-08052 BRO (JCx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | JOHN FALKENSTEIN V. SHIPCO TRANSPORT, INC. | | |

prior to the commencement of the action. (Dkt. No. 90.) The Court filed an Amended Civil Jury Trial Order setting trial for December 15, 2015, almost four months later than the originally-scheduled trial date. (Dkt. No. 91; *see also* Dkt. No. 56.) The Court did not change the last date to amend pleadings or add parties, set for November 17, 2014. (Dkt. No. 91.) On February 24, 2015, Plaintiff filed the Second Amended Complaint, alleging two claims of fraudulent conveyance (under California Civil Code sections 3439.04(a) and 3439.05), and one claim of resulting constructive trust. (Dkt. No. 93, (hereinafter, "SAC").) STI answered the SAC on March 13, 2015. (Dkt. No. 97.)

On June 9, 2015, this Court denied Plaintiff's motion to strike Defendant's Answer to the SAC, and also denied Plaintiff's additional, improper requests. (Dkt. No. 140.)

Between April 15, 2015, and May 12, 2015, Plaintiff filed six separate motions to compel. (Dkt. Nos. 103, 105, 106, 109, 116, 118.)[3] Magistrate Judge Chooljian granted in part and denied in part Plaintiff's motions on July 30, 2015, and ordered Defendant to produce the discovery and supplemental discovery responses pursuant to the Court's order within fourteen days. (Dkt. No. 196.) On August 4, 2015, Defendant filed an *ex parte* application to continue the due date of its discovery response from August 13, 2015, to August 31, 2015. (Dkt. No. 201.) That motion is still pending.

On July 10, 2015, Plaintiff filed the instant motion for leave to file a third amended complaint and requesting that the Court once again modify its scheduling order. (Dkt. No. 173.) Defendant filed its opposition on July 20, 2015, (Dkt. No. 184), and Plaintiff replied on July 27, 2015, (Dkt. No. 191).

### III.   LEGAL STANDARD

Once the district court enters a pre-trial scheduling order under Federal Rule of Civil Procedure 16, that rule's standard controls motions for leave to amend. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As a result, a party seeking leave to amend a

---

[3] Plaintiff has since filed three additional motions to compel, which are currently pending before the Magistrate Judge. (Dkt. Nos. 145, 152, 177.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV13-08052 BRO (JCx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | JOHN FALKENSTEIN V. SHIPCO TRANSPORT, INC. | | |

pleading after the cut-off date specified in the court's scheduling order must first show good cause to amend the order under Rule 16(b)(4) *and then* satisfy Rule 15's requirements for amendments to pleadings. *Johnson*, 975 F.2d at 608.

"Unlike Rule 15(a)'s liberal amendment policy[,] which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (internal citation omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

"The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985).

## IV.   DISCUSSION

### A.   Modifying the Scheduling Order Under Rule 16(b)

Because granting Plaintiff's motion for leave would require modification of the Court's Amended Civil Jury Trial Order, (Dkt. No. 91), Federal Rule of Civil Procedure 16 governs Plaintiff's request. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) ("[T]he district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend.").

The Court set a deadline of November 17, 2014, for adding parties and amending pleadings. (Dkt. No. 56.) The Court, even when granting Plaintiff's prior motion for leave to amend his pleadings, did not amend that deadline. (Dkt. No. 91.) Plaintiff therefore bears the burden of showing there is good cause to modify the scheduling order to file amended pleadings. *Johnson*, 975 F.2d at 609.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV13-08052 BRO (JCx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | JOHN FALKENSTEIN V. SHIPCO TRANSPORT, INC. | | |

Plaintiff bases his Fourth and Fifth Cause of Action on STSB's financial statements for 2008 to 2013, which he alleges make "clear that STI is in control and manipulated the financial statements as an act of asset protection by having [STSB] repudiate the *Tort Action* and *Falkenstein Judgment* as a liability through an erroneous and manipulated application of GAAP for its own use and benefit." (Mot. at 15; *accord* Mot. at 2.) The good cause standard requires that the Court determine whether the unavailability of this evidence prior to June 2015, was due to Plaintiff's lack of diligence in pursuing this evidence sooner or whether he could not reasonably have discovered the evidence earlier despite his diligence.

Plaintiff claims that there is good cause here because the financial statements "came into" his hands between July 25 and July 29, 2013 [sic].[4] (Mot. at 13.) Plaintiff claims his diligence in this matter by reference to STI's lack of cooperation during discovery. (Mot. at 14–15.) In his motion, Plaintiff explains he had "to obtain these financial statements through a third party search service who was able to locate them in the hands of the [Companies Commission] of Malaysia." (Mot. at 16.) Plaintiff's reply elaborates that "Plaintiff's counsel . . . immediately sought information from third party sources who would be able to access the public records which would be available through the Malaysia [sic] authorities," (Reply at 2), and states that:

> Plaintiff obtained these financial statements and related documents through public record searches. Plaintiff has the right to obtain information from any source, including public record searches, FOIA requests, or the like, and is not hamstrung by STI. This is not third party discovery, but rather obtaining records which are in the public domain. The fact that Plaintiff has been diligent in obtaining these hard to find records cannot be twisted by STI into some claim that Plaintiff cannot use these public records. Needless to say, these public records completely undermine many of STI's claims in this fraudulent conveyance action, including that STI is an insider, in control, and running Shipco Malaysia's business.

---

[4] The briefing indicates that "[t]he 2013 financial statement came into the hands of Plaintiff on 6/25/13, and the rest came into the hands of counsel on 6/29/13. Plaintiff has moved promptly to seek relief." (Mot. at 13.) At the hearing, Plaintiff conceded that these dates were actually June 25, 2015, and June 29, 2015, respectively.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV13-08052 BRO (JCx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | JOHN FALKENSTEIN V. SHIPCO TRANSPORT, INC. | | |

(Reply at 8–9.)

Defendant, on the other hand, argues that Plaintiff fails to articulate "good cause" because (1) STI is "not competent to respond to discovery directed" to STSB, and (2) Plaintiff cannot demonstrate diligence. (Opp'n at 8–12.) Regarding Defendant's first argument, this Court has the benefit of Magistrate Judge Chooljian's July 30, 2015 order granting in part and denying in part six of Plaintiff's pending discovery motions, which states:

> [T]he Court is not persuaded that Defendant has "control" over any entity other than itself. Accordingly, the Court does not deem Defendant to be in possession, custody or control of STSB's or Scan Group A/S's or any other entity's records or information, and correspondingly, does not deem Defendant generally to have an obligation to make reasonable inquiry for documents and information in such entities' possession. This does not, however, mean that Plaintiff's request to Defendant for information/documents regarding STSB/other related entities are improper, because Defendant may itself personally know or otherwise have possession, custody or control of such information/documents, and, of course, if it does, it is obligated to produce such items, subject to other objections.

(Dkt. No. 196 at 11.) The Magistrate Judge also noted that Defendant "misunderstood a statement made . . . at the January 29, 2015 discovery conference," explaining that "[t]he Court did not mean to suggest . . . that Plaintiff could not propound discovery to Defendant about STSB . . . or that Defendant was not obligated to produce discovery regarding third parties within its possession, custody or control (subject to other objections)." (*Id.* at 11 n.9.) As a result of Judge Chooljian's findings, this Court does not agree with Defendant's first argument that STI is not competent to respond to discovery *regarding* STSB, especially when such information is in the possession of STI.

The Court does, however, agree with Defendant that Plaintiff fails to establish his diligence. Plaintiff admits in his own motion and reply that he obtained STSB's financial records through *public* record searches. (Mot. at 16; Reply at 2, 8–9.) Plaintiff's counsel ran these public record searches only after "recognizing that no ruling was issued" by the Magistrate Judge on June 16, 2015, regarding Plaintiff's motions to compel. (Mot. at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV13-08052 BRO (JCx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | JOHN FALKENSTEIN V. SHIPCO TRANSPORT, INC. | | |

Plaintiff contends that he properly relied and waited on discovery responses from STI, but that STI "stonewall[ed]" Plaintiff's interrogatories. (Mot. at 14–15.) Even though Defendant "responded by way of unverified responses" on March 10, 2015, (Dkt. No. 103-3 at 2), Magistrate Judge Chooljian warned Plaintiff's counsel at a discovery hearing on January 29, 2015:

> You may be entitled to -- and I say may -- documents in this defendant's possession, custody or control which reveal the finances between this entity and that entity. . . . That's a different matter than saying that this entity who is here in court has possession, custody, and control over the whole universe of financial documents that the Malaysian company operates.
>
> [ . . . ]
>
> [B]ased on what I'm hearing I'm not inclined -- particularly given what it sounds like you already have, to approve discovery on any organizational details. Again, where it's clear that defense counsel is not going to have -- and I hesitate to say that because nothing is ever a hundred percent crystal clear, but -- where, you know, it's typically not the case that one company would have another company's financial records. They are separate entities at least for purposes of this action, even though they are related. . . . [T]here are going to be separate reporting requirements, all of those things. So, there are going to be separate finances maintained.

(Dkt. No. 99 at 75:18–76:1, 81:6–17.)

Plaintiff's counsel was thus on notice as far back as January 29, 2015, that STI may not (or potentially could not) provide STSB's financial records. Plaintiff could have just as easily begun his search of the public records for STSB's financial records at that time. The instant case has been going on for more than two years. In his first amended complaint, filed in Superior Court in July 2013, and removed to this Court in August 2013, Plaintiff sought "an order declaring STI and [STSB] are one and the same entity, that the court should lift the corporate veil, all on the basis that the corporations bear the near identical names, that the corporations share common principal corporate officers, directors and employees, that the businesses of these entities are one and the same and act

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV13-08052 BRO (JCx) | Date | August 14, 2015 |
|---|---|---|---|
| Title | JOHN FALKENSTEIN V. SHIPCO TRANSPORT, INC. | | |

in tandem with each other . . . ." (Dkt. No. 1-1 at 14.) Yet Plaintiff failed to run a search of STSB's publicly-available financial records until June 2015. Plaintiff has not been diligent. *See Shukh v. Seagate Tech., LLC*, No. 10–404 (JRT/JJK), 2013 WL 53835, at *5 (D. Minn. Jan. 3, 2013) ("[T]he 'wait and see' approach is a tactical decision, and does not demonstrate diligent pursuit of discovery."); *Justin v. City and Cty. of S.F.*, No. C 05-4812 MEJ, 2008 WL 544466, at *5 (N.D. Cal. Feb. 26, 2008) (finding that plaintiffs were not diligent in seeking to amend the complaint where attorney "could have obtained a copy" of a publicly-available report). Therefore, "the inquiry should end." *Johnson*, 975 F.2d at 609.

Plaintiff has not shown that there is good cause—at least based on these grounds—to modify the scheduling order a second time. If good cause arises, Plaintiff may ask the Court for leave at that time. The Court thus **DENIES** Plaintiff's motion to amend the Court's scheduling order.

### B. Leave to Amend Under Rule 15(a)

Because Plaintiff has failed to meet his burden and failed establish the prerequisite "good cause" to amend the Court's scheduling order, the Court also **DENIES** Plaintiff's motion for leave to file a third amended complaint. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738–39 (9th Cir. 2013) (affirming district court's order denying plaintiffs leave to amend and finding that district court did not abuse its discretion where plaintiffs failed to demonstrate good cause for their untimely motion to amend).

### V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for leave to file a Third Amended Complaint and to amend the scheduling order.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |